UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER McDANIEL,

    Petitioner,

v.

T. BECHARD and P. STEELE,

    Defendants.
_____/

Case No. 15-13892
HON. TERRENCE G. BERG
HON. DAVID R. GRAND

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 35), GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (DKT. 24)

### INTRODUCTION

Plaintiff Christopher McDaniel ("Plaintiff"), acting in pro per, is a state prisoner who was—at all times relevant to this action—incarcerated at Thumb Correctional Facility (TCF) in Lapeer, Michigan. On November 3, 2015 Plaintiff filed a lawsuit against T. Bechard and P. Steele ("Defendants"), employees who work in TCF's cafeteria, claiming that they had violated Plaintiff's civil rights under 42 U.S.C. § 1983. Dkt. 1 at Pg ID 1.

Plaintiff alleged that Defendant Bechard, with whom he has a history of "disagreements," filed a misconduct report against him that

falsely accused him of physical assault. Dkt. 1 at Pg. ID 4. He further alleged that Defendant Steele "plotted" with Defendant Bechard to file these false assault charges against him. *Id.*

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation dated August 2, 2017, Dkt. 35, which recommends that Defendants' Motion to Dismiss and for Summary Judgment, Dkt. 24, be granted, and that all of Plaintiff's claims be dismissed with prejudice except his Eighth Amendment claim alleging denial of food, which should be dismissed without prejudice. Dkt. 35 at Pg ID 313.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the Report and Recommendation.[1] Dkt. 38.

---

[1] Under the prison mailbox rule, a pro se prisoner's complaint is "deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). In this case, no objections had been received for over 20 days, so the Court entered an order on August 25, 2017—23 days after the Report and Recommendation was filed—adopting the Report and Recommendation. Dkt. 37. Plaintiff's objections arrived by mail on August 30, 2017, but were date stamped by the prison on August 16, 2017. Because the objections appear to be timely under the prison mailbox rule, the Court

2

Defendants filed timely responses to those objections on September 13, 2017. Dkt. 38.

## **BACKGROUND**

The relevant facts about the underlying incident in this case were summarized in Magistrate Judge Grand's Report and Recommendation, Dkt. 35, Pg. IDs 292-95, and those facts are adopted for purposes of this order.

After completing the Michigan Department of Corrections three-step grievance process, Plaintiff filed this Complaint on November 3, 2015.[2] Dkt. 1. He claims that 1) Defendants committed perjury by submitting retaliatory, false allegations about his conduct to the state; 2) Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by a) prosecuting and holding him in temporary disciplinary confinement for an offense he did not commit and b) repeatedly failing to send him food—presumably while he was in disciplinary confinement. *Id.* at Pg ID 4.

---

accepts them, and the Order Adopting the Report and Recommendation entered on August 30, 2017 will be vacated. Thus Plaintiff's objections were timely.

3

Plaintiff seeks $300,000 in punitive damages, $20,000 in compensatory damages, and injunctive relief. *Id.* at Pg ID 5.

Plaintiff made seven objections, which can be boiled down to three major arguments that the Magistrate Judge erred in recommending that the Court grant Defendants' Motion to Dismiss and for Summary Judgment:

1. the First Amendment retaliation claim was valid because it alleged Plaintiff's continuous complaints about Defendant Bechard to her supervisors was a "motivating factor" in Defendant Bechard's decision to file the misconduct report against him, and a genuine issue of material fact remained regarding whether Plaintiff's history of disagreements with and complaints about Defendant or their single altercation on June 8, 2014, motivated Defendant Bechard to file the misconduct report Dkt. 38 at Pg ID at 327-31 (Objections 1,3, and 4);

2. the allegedly false misconduct report constituted cruel and unusual punishment under the Eighth Amendment because it subjected Plaintiff to disciplinary confinement and "severe mental anguish" over the consequences he would face if found guilty, *id.* at Pg ID at 324-26 (Objection 2);

3. the conspiracy claim against both Defendants was adequately pled because the sequence of events Plaintiff alleged—Defendant Bechard's first report *without* assault allegations followed by her second report *with* assault allegations and Defendant Steele's supporting statement—created a reasonable inference that

4

> Defendants had conspired to file a false statement against him, *id.* at Pg ID at 332-35 (Objections 5, 6, and 7)

Defendants timely filed a response to Plaintiff's objections on September 13, 2017. Dkt. 39.

Because Plaintiff timely filed his objections to the report and recommendation the Court **VACATES** its prior order of dismissal, Dkt. 37. The Court has reviewed Magistrate Judge Grand's Report and Recommendation, Plaintiff's objections thereto, and Defendants' responses to Plaintiff's objections. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court except that both Plaintiff's First Amendment retaliation claim and Eighth Amendment food deprivation claim are **DISMISSED without prejudice** and Plaintiff's Eighth Amendment claims for the allegedly false misconduct ticket and his conspiracy claims are **DISMISSED with prejudice**.

## STANDARD OF REVIEW

**A. De novo review**

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**B. Motion for Summary Judgment Standard**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

As the moving party, the Defendant has the initial burden to show that there is an absence of evidence to support Plaintiff's case. *Selby v. Caruso*, 734 F.3d 554 (6th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012).

## ANALYSIS

Plaintiff raises seven objections to the Report and Recommendation. Objections 1, 3, and 4 all pertain to the dismissal of Plaintiff's First Amendment retaliation claims and are addressed together. Objection 2 pertains to the dismissal of Plaintiff's Eighth Amendment claim challenging his disciplinary confinement based on a

false misconduct report.[3] Objections 5, 6, and 7 all pertain to the dismissal of Plaintiff's conspiracy claims and are also addressed together.

i.   **Objections to dismissal of First Amendment claims**

   **a. Objections, 1, 3, and 4.**

Plaintiff's first objection to the dismissal of his First Amendment retaliation claim is that a genuine issue of material fact remains regarding what "speech" motivated the misconduct report. Plaintiff argues that it was his history of "complaints and disagreements," and not the "single disagreement" on June 8, 2014. Dkt. 38 at Pg ID 322.

Defendants respond that the Report and Recommendation took all of Plaintiff's alleged facts about the history of complaints he filed against Defendant Bechard as true and still found he had not stated a claim for retaliation under the First Amendment. Dkt. 39 at Pg ID 342.

Plaintiff's third and fourth objections to the dismissal of his First Amendment claims are substantively similar to one another. In both he

---

[3] The Court agrees with the Report and Recommendation that Plaintiff has not properly exhausted his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. §1997(e), for his Eighth Amendment claim for alleged food deprivation, which he raised for the first time in his Complaint, but makes no mention of in his grievances. *See id.* at Pg ID 301-303

8

argues that he pleaded sufficient facts to create a reasonable inference that retaliation was a "motivating factor" for Bechard filing a false misconduct report against him. Dkt. 38 at Pg ID 327-28. He argues that the facts he included in his Complaint about the "many verbal complaints to [Bechard's] supervisor about her" support such an inference. Dkt. 38 at Pg ID 328.

Defendants respond that Plaintiff's allegations are merely conclusory and do not contain any facts showing that Defendant was aware of the complaints he made against her, or that they motivated her to file the misconduct report. Dkt. 39 at Pg ID 344. Defendants also argue that the fact that an adverse action *follows* protected speech is not alone sufficient to state a claim for First Amendment retaliation. *Id*.

The Magistrate Judge was correct that Plaintiff did not plead a prima facie claim of First Amendment retaliation. Such a prima facie claim requires that Plaintiff plead facts showing: 1) he participated in a constitutionally protected speech; 2) Defendant took an adverse action against him "likely to chill a person of ordinary firmness" from engaging in that protected speech; and 3) Plaintiff's constitutionally protected speech was a motivating factor in Defendant's decision to file the

misconduct report against him. *Scarbrough v. Morgan Cnty. Bd. Of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc)).

### 1. Protected Conduct

Plaintiff alleges he filed "countless complaints" against Bechard, which culminated in the June 8, 2014 encounter and the misconduct report she filed against him. Dkt. 1 at Pg ID 4. He then alleges that this final confrontation "caused [Bechard] to send [him] in." *Id*. In his response to Defendants' Motion for Summary Judgment he states that the protected speech he engaged in were "the many verbal complaints" he made to Defendant Bechard's supervisor about her. Dkt. 30 at Pg ID 33.

If Plaintiff's allegations may be read as claiming that Defendant Bechard disciplined him in retaliation for his having made complaints to her supervisors, the Complaint satisfies this first factor, because complaints against a prison employee are constitutionally protected speech. *See Davis v. Straub*, No. 1:07-CV-156, 2009 WL 4908433 at * 1 (W.D. Mich. Dec. 11, 2009)("[A] prisoner's oral and written complaints to a warden about the misconduct of the prisoner's job supervisor are

10

protected speech under the First Amendment). But if the Complaint merely alleges retaliation due to Plaintiff's conduct in yelling and swearing at a prison employee, such behavior is not constitutionally protected speech and he has not satisfied this first factor.

In his Complaint Plaintiff referred to the "countless complaints" he filed against Defendant Bechard, which resulted in their "final confrontation," on June 18, 2014. Dkt. 1 at Pg ID 4. He then claimed that Defendants engaged in "perjury" by filing the misconduct report against him "for retaliation purposes." *Id*.

Construing Plaintiff's pro se pleadings liberally, the Court finds that Plaintiff has made a prima facie showing that he engaged in protected conduct.

### 2. Adverse Action

Plaintiff has adequately alleged adverse action by claiming that the disciplinary charges against him caused him to be placed in segregation. Dkt. 35 at 310. A prisoner "of ordinary firmness" would likely be deterred from making the type of complaints Plaintiff alleges he made about Defendant Bechard if he thought making such complaints would cause him to be placed in segregation. *See, e.g.*,

*Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000)("[P]lacing an inmate in administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights")(internal citation and quotation omitted).

### 3. Causal Connection

The Report and Recommendation correctly concluded that Plaintiff has not plead sufficient facts from which it could be inferred that his prior complaints about Defendant Bechard were a motivating factor in her decision to file the misconduct report against him. *See* Dkt. 35 at Pg ID 310. As the Report and Recommendation notes, Plaintiff has plead no facts showing that Defendant Bechard was even aware of Plaintiff's complaints when she filed her misconduct report. *Id*.

Plaintiff's Objections 3 and 4 both argue that he alleged in his response to Defendants' Motion for Summary Judgment that Defendant Bechard was aware of the complaints he had filed against her thus creating a reasonable inference that his protected speech was a motivating factor in her decision to file the misconduct complaint against him. Dkt. 38 at Pg ID 327-29. The Report and Recommendation liberally construed Plaintiff's pleadings by treating the allegations he

made in his response as though they were part of his Complaint. Dkt. 35 at Pg ID 309, 310, n. 13 (quoting Plaintiff's allegations from that response). However, even if the Court agreed that it could consider allegations from Plaintiffs response in deciding a motion to dismiss, those allegations are insufficient. They merely state that Plaintiff "constantly complained" to Defendant Bechard's Aramark supervisor about her, which in turn "fueled the disagreement" between Plaintiff and Defendant Bechard, and led to the false misconduct report. Dkt. 30 at Pg ID 241-43. These allegations do not include specific facts that create a reasonable inference that a) Defendant Bechard actually knew that Plaintiff had lodged these verbal complaints about her, and b) that knowledge of these complaints motivated her, at least in part, to file the misconduct report against Plaintiff.

Had Plaintiff pleaded facts about a conversation with Defendant Bechard about these complaints, or cited any formal grievance of which she had notice, such allegations might be sufficient to state a claim. But he alleges only that he made numerous complaints, without any causal connection between the complaints and the disciplinary action.

Thus, Plaintiff's Objections 1, 3, and 4 are overruled, and his First Amendment retaliation claims are dismissed without prejudice.

## ii. Objections related to dismissal of Eighth Amendment claims

### a. Objection 2

Plaintiff's second objection is to the dismissal of his Eighth Amendment claim: that Defendants' filing of a false misconduct report against him constituted cruel and unusual punishment. Dkt. 38 at Pg ID 324-26. He argues that the disciplinary confinement he endured pending the investigation and hearing as well as the fear of the consequences he would face if found guilty caused him "severe mental anguish." *Id*.

Plaintiff cites a district court case from Massachusetts for the proposition that filing of false disciplinary charges with the knowledge that it will lead to confinement could create a cause of action for intentional infliction of emotional distress. Dkt. 38 at Pg ID 325 (citing *Orwat v. Maloney*, 360 F. Supp. 2d 146, 165 (D. Mass. 2005)("A jury could find that falsely testifying against an inmate, knowing that the testimony would result in confinement, amounts to extreme and outrageous conduct")(internal quotations omitted). But *Orwat* says

nothing about whether a false misconduct report or testimony in support thereof would amount to cruel and unusual punishment and violate a prisoner's Eighth Amendment rights.

As both the Magistrate Judge and Defendants noted, the Sixth Circuit has considered this question, and concluded that filing a false misconduct report is not cruel and unusual punishment under the Eighth Amendment. Dkt. 35 at Pg ID 307 (quoting *Ford v. Kennerly*, No. 1:16-CV-243, 2016 WL 3049311, at *19 (W.D. Mich. May 31, 2016)("The Sixth Circuit has held that the filing of a false misconduct report does not constitute punishment under the Eighth Amendment")); *see also Williams v. Reynolds*, 198 F.3d 248 (6th Cir. 1999)(unpublished table decision)("[N]either verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment").

Courts have also found that the collateral consequences of a disciplinary ticket—which Plaintiff asserts caused him "severe mental anguish"—such as confinement or loss of privileges "for a few days" do not constitute cruel and unusual punishment under the Eighth Amendment. *See Hill v. Hoffner*, No. 1:15-CV-1143, 2016 WL 1165405,

at * 5 (W.D. Mich. Mar. 25, 2006). In *Hill* the Plaintiff's loss of privileges for seven days, as a consequence of what he alleged were false misconduct accusations against him, did not rise to the level of cruel and unusual punishment. *Id.* In so holding the district court noted that the Supreme Court had found the even "more serious sanction" of disciplinary segregation was still a "routine discomfort" of prison life, and thus not a violation of a prisoner's Eighth Amendment rights. *Id* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (2002)). Accordingly, the Court adopts the Report and Recommendation's conclusion that a false misconduct ticket and any temporary disciplinary confinement resulting from it do not constitute cruel and unusual punishment in violation of the Eighth Amendment. Objection 2 is therefore overruled and Plaintiff's Eighth Amendment claim regarding his disciplinary confinement is dismissed with prejudice.

### b. Objections related to the dismissal of conspiracy claims

### a. Objections 5, 6, and 7

Plaintiff's fifth, sixth, and seventh objections all relate to his conspiracy claims. He argues that he has plead sufficient facts showing that Defendants Bechard and Steele developed a "single plan" to falsely accuse him of physical assault. Dkt. 38 at Pg. ID 332 -335. Plaintiff contends that his conspiracy claim pleadings are sufficient because they include, or show, the following: (1) a copy of Bechard's misconduct report with Steele's ratifying statement attached; (2) a copy of Bechard's questionnaire in which she states "Aramark staff" mentioned to her that Plaintiff had assaulted her; and (3) the "proximity" in time between Bechard's first incident report, which did not mention an assault, and her second misconduct report, which did, and which also named Steele as a supporting witness. *Id*.

These facts are insufficient to support a conspiracy claim, however, because none of them show that Defendants agreed to commit an act that deprived Plaintiff of his constitutional rights. *See Bey v. VandeCasteele*, No. 11-13115, 2012 WL 5947635 at *1, *6 (E.D. Mich. Nov. 28, 2012)(allegation that one prison official submitted a supporting

17

statement for another prison official's allegedly false misconduct report was not sufficient to establish the two had conspired).

Because Plaintiff has not stated a claim under the First or Eighth Amendment rights, nor has he pleaded facts that show Defendants agreed to commit an act depriving him of these rights, Plaintiff's objections 5, 6, and 7 are overruled. Plaintiff's conspiracy claims are dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court with the exception that Plaintiff's First Amendment claims are dismissed without prejudice. Accordingly, Defendants' Motion to Dismiss/for Summary Judgment, Dkt. 24, is **GRANTED. Count 1** of Plaintiff's complaint, which contains his First Amendment retaliation claims, is **DISMISSED without prejudice**. **Count 2** of Plaintiff's Complaint, which contains his Eighth Amendment claims, is also **DISMISSED**: the Eighth Amendment deprivation of food claim is dismissed **without prejudice**;

the Eighth Amendment false misconduct report claim and conspiracy claims are dismissed **with prejudice.**

This Court's previous Order Adopting the Report and Recommendation, Dkt. 37, is hereby **VACATED**.

**SO ORDERED**.

Dated:  November 28, 2017    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on November 28, 2017.

                                  s/A. Chubb
                                  Case Manager