UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER McDANIEL,

 Plaintiff,

v.

 CASE NO. 4:15-cv-13892
 HON. TERRENCE G. BERG
 HON. DAVID R. GRAND

T. BECHARD and P. STEELE,

 Defendants.

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. BACKGROUND

This matter is before the Court on Plaintiff Christopher McDaniel's Motion for Relief for Final Judgment under Fed. R. Civ. Proc. 60(b). Dkt. 43. On November 28, 2017 the court adopted Magistrate Judge David Grand's Report & Recommendation (R&R) granting Defendants' Motion to Dismiss/for Summary Judgment, and dismissing all of Plaintiff's claims with prejudice except for his First Amendment retaliation claim and his Eighth Amendment deprivation of food claim. Dkt. 41. At Pg ID 379.

For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure 60(b), the Court may relieve a party from a final judgment if it finds: 1) Mistake, inadvertence, surprise or excusable neglect; 2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4) that the judgment is void; 5) that the judgment has been satisfied, released or discharged; if it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or; 6) any other reason that justifies relief. Rule 60(b) was designed to address mistakes attributable to special circumstances, and not merely to erroneous applications of the law. *Am. Trucking Assns. v. Frisco*, 358 U.S. 133 (1958). Thus, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Crehore v. United States,* 253 F. App'x 547, 549 (6th Cir. 2007). Although courts are allowed to revisit final orders under this rule of procedure, relief is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir. 2007).

## III. ANALYSIS

Plaintiff argues he is entitled to relief from judgment under either Rule 60(b)(1) because of a mistake, inadvertence, or neglect, or Rule 60(b)(6), the catchall provision for relief from final judgment. As discussed below, the court finds he is not entitled to relief under either of these provisions.

### a. No relief from judgment under 60(b)(1)

Plaintiff cites "mistake or inadvertence" as grounds for relief from judgment under Rule 60(b)(1), arguing the court did not review his reply to Defendants' objections. Dkt. 43 at Pg ID 386. Courts have the power and duty to correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake. *Frisco*, 358 U.S. 133 (1958). In order to be granted relief under 60(b)(1), "the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense." *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980).

This Circuit has determined 60(b)(1) provides relief in two instances: "(1) when a party had made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment order." *United States v. Reyes*, 307 F.3d 451, 455 (9th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

3

Plaintiff seems to argue the court's "mistake" was failing to review his reply to Defendants' response to his objections, and not considering it in denying his objections. Dkt. 43 at Pg ID 386. Plaintiff infers that the court did not review his reply because it was untimely due to delays in prisoner mail and because the court made no specific reference to it in its order adopting the R&R. *Id.* at 388. Although the delay in prisoner mail was the reason Plaintiff's case was originally dismissed without objections (Dkt. 37), the Court vacated that order after receiving Plaintiff's mailed objections, which the prison had date-stamped within the 14 days for filing objections, but which the court had not received within that time period. Dkt. 41. The Court then considered all of the briefing regarding the objections—including the reply, which was filed on October 2, 2017 (Dkt. 40)—before issuing its November 28, 2017 order. Dkt. 41.

The court's order adopting the R&R did not specifically mention any of the arguments in Plaintiff's reply because it did not raise any new arguments or facts beyond those included in his objections. None of the arguments in Plaintiff's reply would have necessitated a different outcome for any of his claims. Moreover, Plaintiff has not specified any clear mistake of law or fact in the final judgment order based on the Court's alleged failure to read his reply. Relief from judgment is thus not warranted under 60(b)(1).

### b. No relief from judgment under 60(b)(6)

Plaintiff alternatively contends that if he is not entitled to relief under Fed. R. Civ. Pro. 60(b)(1), the court's order should nonetheless be vacated under Rule 60(b)(6). Dkt. 43 at Pg ID 388. Relief under Rule 60(b)(6) is only available where a party can establish "exceptional or extraordinary circumstances" not enumerated in the other five subsections describing proper grounds for relief from final judgment. *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir. 2007). Accordingly, subsection (6) should only be applied in "unusual and extreme situations" and "where principles of equity *mandate* relief." *Id.*

This Circuit has noted that there are few cases "elaborating" on when "something more than one of the grounds contained in Rule 60(b)'s first five clauses is present" because "clauses 1-5 cover almost every conceivable ground for relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal quotations omitted)).

Here, Plaintiff cites the same reason for relief under 60(b)(6) that he did under 60(b)(1): the court's failure to address his reply brief in its order denying his objections and adopting the R&R. Dkt. 43 at Pg ID 388. A court's failure to mention a particular filing by name—particularly where it added nothing that the court failed to address—is not an "unusual or extreme situation" that mandates equitable relief. Plaintiff complains that the court's lack of reference to his reply brief somehow "precluded

5

[him] from seeking relief within the District Court." Plaintiff was not precluded from seeking relief; all of his objections were heard and specifically addressed in the court's order. He is therefore not entitled to relief under 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons Plaintiff's Motion for Relief from Judgment (Dkt. 43) is **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 21, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager